UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CRISTAL GRICE,                              )
                                            )
      Plaintiff,                      )
                                            )
      v.                              )        CAUSE NO. 3:07-CV-487 TLS
                                            )
KEYSTONE RV COMPANY,                        )
                                            )
      Defendant.                      )

**OPINION AND ORDER**

On November 18, 2008, the parties submitted a Joint Protective Order, requesting that this

Court issue a protective order covering various information in the underlying litigation.  For the

following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a

protective order.  [Doc. No. 18].  The parties may resubmit a proposed protective order which

comports with Seventh Circuit precedent for this Court's consideration.

I.    **APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine

whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ.

P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944

(7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect

whatever they desire.  Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light

Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective

orders are especially important because '[t]he judge is the primary representative of the public

interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945).  In other words, this Court

cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all

requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at

945 (<u>citing</u> <u>In re Krynicki</u>, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., <u>Confidentiality,</u>

<u>Protective Orders, and Public Access to the Courts</u>, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in

discovery, this Court must ensure that "(1) the information sought to be protected falls within a

legitimate category of confidential information, (2) the information or category sought to be

protected is properly described or demarcated, (3) the parties know the defining elements of the

applicable category of confidentiality and will act in good faith in deciding which information

qualifies thereunder, and (4) the protective order explicitly allows any party and any interested

member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at 647

(<u>citing</u> <u>Citizens</u>, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to

its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.    ANALYSIS

The parties' proposed order satisfies each prong of the above standard but improperly places

the burden of challenging a designation of confidentiality.  The parties' proposed order states, "[i]n

the event of such [challenge] the receiving party shall have the burden of establishing the need for

relief from this Order in the preparation or conduct of its case." <u>See</u> Doc. No. 18-2 at 3.  However,

the law is clear that the burden for establishing that a document is confidential rests with the

designating party.  <u>See</u> <u>Culinary Foods, Inc., v. Raychem Corp.</u>, 151 F.R.D. 297, 306 (N.D. Ill.

1993) (<u>citing</u> <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108, 1121 (3rd Cir. 1986).

## III.    CONCLUSION

Because the parties proposed protective order attempts to impermissibly shift the burden of proof, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order  [Doc. No. 18].  The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 19th Day of November, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge